Fremont-Smith, Thayer, J.
The Town of Stoneham (town) and thirty-four taxpayers (taxpayers) have brought these actions against the Commonwealth of Massachusetts and Stephen Pritchard, as the Commissioner of the Department of Conservation and Recreation (DCR) for unlawfully taking property for a private use, and for granting a license to a local restaurant, J.J. Grimsby’s, so as to permit its customers to park on property the defendants had acquired purportedly for a public use. After the cases were consolidated, the DCR moved to dismiss each case for a lack of standing pursuant to Mass.R.Civ.P. 12(b)(1) & (6). Forreasons stated below, the court ALLOWS the defendants’ motions.

BACKGROUND

Pursuant to Mass.R.Civ.P. 12(b)(6), the facts alleged in the complaints, and any reasonable inferences therein, are considered in the plaintiffs’ favor. It is alleged that the DCR improperly expended public funds to acquire property located in Stoneham, Massachusetts for private purposes. More precisely, the plaintiffs contend that DCR colluded with the owner of J.J. Grimsby’s restaurant in Stoneham to pay an exorbitant price for the real estate and, after it was acquired, license part of the property back to the restaurant at an unreasonably low fee for use as a parking lot. Because there is no general equity standing to restrain the government from committing wrongful acts, Pratt v. Boston, 396 Mass. 37, 42-43 (1985), the plaintiffs must provide an independent statutoiy basis for their lawsuits. Plaintiffs assert causes of action under G.L.c. 29, §63, under Article 97 of the Amendments to the Massachusetts Constitution and under G.L.c. 92, §33 based upon which they seek declaratoiy relief pursuant to G.L.c. 231A.

DISCUSSION

Taxpayer Standing

Mass. G.L.c. 29, §63 allows a taxpayer to bring an action against an agent of the commonwealth where “its agent is about to expend money or incur obligations purporting to bind the commonwealth . . . and may . . . restrain the unlawful exercise or abuse of such right and power.” Both parties agree, however, that the statute is not meant to apply retroactively to money already expended or to obligations already incurred. Richards v. Treasurer & Receiver Gen., 319 Mass. 672, 675 (1946). As the purchase of the disputed properly occurred in August 2002, three years before the taxpayers filed their complaint, and the license renewal occurred in May 2003, plaintiffs have no right at this time to challenge the transaction.
The taxpayers urge, however, that it is not the DCR’s purchase of the properly they are challenging, but rather the unlawful license to J.J. Grimsby’s, from which the DCR collects an insufficient sum for the restaurant’s use of the parking lot. Although a court will find standing even where the public expenditure is small and would have almost no discernible impact on taxpayers or on the treasury, Tax Equity Alliance for Massachusetts v. Commissioner of Revenue, 423 Mass. 708, 712 (1996), there must be an imminent public expenditure to sustain an action under section 63. Even if DCR’s receipt of revenue under the license was unreasonably low and may be viewed as costing taxpayers money which the town would otherwise receive, and even if the land-taking was not for a public use, so that it deprived taxpayers of the tax revenue and zoning power they should have, this would not comprise a proposed expenditure for purposes of section 63. Tax Equity Alliance, supra, at 712-13; see also Sears v. Treasurer & Receiver Gen., 327 Mass. 310, 318 (1951).

Town of Stoneham Standing

First, the town raises a violation of Article 97 to the Amendments of the Massachusetts Constitution (Article 97),[2] which provides the citizens of the commonwealth the right to clean air and water and promotes the development of land to be used as open space. The town argues the defendants acted inconsistently with Article 97 and, in effect challenge the constitutionality *362 of the DCR’s acquisition of property and its subsequent issuance of a license for a parking lot.
In Spence v. Boston Edison Co., 390 Mass. 604 (1983), the Boston Housing Authority brought an action against the Boston Edison Company and the Department of Public Utilities for charging an allegedly unfair rate for electricity to the Housing Authority’s low income housing projects. The Court held, at 610, that the DPU had set the rate, and that the Boston Housing Authority, an arm of the State, did not have standing to challenge the constitutionality of another State agency’s acts. Likewise, in the case at bar, the town’s challenge to the defendants’ licensing agreement as a violation of Article 97 is “barred by the long-standing and far-reaching prohibition on constitutional challenges by governmental entities to acts of their creator State.” Id.
Second, the town asserts a cause of action based upon G.L.c. 92, §33, which authorizes the Commissioner of Conservation and Recreation to acquire real estate for public parks and recreational spaces. Although a town does have standing if it alleges a cognizable injury within the “area of concern of the statute,” Massachusetts Ass’n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 293 (1977), the statute does not create a cause of action to challenge a wrongful act which is not within the area of G.L.c. 92, §33’s concern. Section 33 explicitly authorizes the Commissioner to create parks for the public benefit and its clear purpose is to secure land for public enjoyment and recreation. It is, at best, a stretch to argue, however, as plaintiffs do here, that a town’s loss of zoning powers or of tax revenue sources are “areas of concern” which the statute was designed to protect, and the court finds that they are not.
Finally, the town seeks declaratory judgment, pursuant to G.L.c. 231A, to enjoin the defendants from continuing their license to J.J. Grimsby’s. But, as noted above, c. 231A does not provide an independent basis for jurisdiction or relief without an independent statutory basis for the suit. Pratt, supra. For the reasons stated above, the Court finds that in this case, there is no such basis.[3]
Accordingly, both actions are ORDERED DISMISSED.

In pertinent part, Article 97 provides that “[t]he people shall have the right to clean air and water, freedom from excessive and unnecessary noise, and the natural, scenic, historic, and esthetic qualities of their environment; and the protection of the people in their right to the conservation, development and utilization of the agricultural, mineral, forest, water, air and other natural resources is hereby declared to be a public purpose.”

It is true that, if the facts are as alleged, there has been malfeasance on the part of the defendants, as to which there is no legal remedy. In such a situation, plaintiffs only remedy is with the legislature.

Thirty-three other taxpayers of the Commonwealth of Massachusetts and the Town of Stoneham.